CLAYTON F. TIDBALL, APPELLANT, v. CHALLBURG BROTHERS, APPELLEES.

FILED FEBRUARY 4, 1903. No. 12,517.

Commissioner's opinion, Department No. 2.

1. **Written Agreement: GRAIN ELEVATOR: FIXTURES: OPTION: CONSIDERATION: ENFORCEMENT OF CONTRACT.** It seems that a written agreement to convey a grain elevator, together with the fixtures belonging thereto and property used therewith, at the option of the proposed vendee, within a given time and for a fixed price, if made upon sufficient consideration, will be specifically enforced in a proper case.

2. **Withdrawal of Offer.** Where the writing does not indicate, nor is it shown, that the proposed vendee did or gave anything for such

Syllabus by court; catch-words by editor.

option, and it is not contained in or a part of some contract between the parties, which may supply a consideration, it is a mere offer from which the vendor may withdraw if he chooses.

APPEAL from the district court for Clay county. Action to enforce specific performance of a contract to convey an elevator. Heard below before STUBBS, J. Judgment on demurrer to petition. *Affirmed.*

*Fayette I. Foss, Ben V. Kohout* and *R. D. Brown,* for appellant.

*Thomas H. Matters, contra.*

POUND, C.

This is a suit for specific performance of an alleged contract to convey an elevator. The agreement sued on is in these words: "We, the undersigned, hereby give R. M. Tidball an option on the purchase of our elevator at Saronville, Nebr., of thirty days (30 days) from date, for the sum of fifteen hundred dollars ($1,500), which includes the elevator building, and all machinery thereto belonging, scales and office, corn crib, two horses, harness and all other fixtures belonging to the house. At the end of said time said R. M. Tidball pays us the above named sum, namely, fifteen hundred dollars ($1,500), we will give to him a bill of sale and clear title to above described property." A demurrer was sustained in the lower court, and the plaintiff has appealed. It appears that the property was situated upon a railroad right of way and was personalty. For this reason, and because the writing gives an option only, it is argued that there is an adequate remedy at law and that the alleged contract lacks mutuality, so that a suit for specific performance would not be maintainable. Were these questions necessarily involved, we should be disposed to agree with the appellant. We are inclined to think that when the agreement is to convey a grain elevator, the remedy at law is inadequate. Grain elevators are not ordinary articles of merchandise,

easily found in the market, nor do they always possess a readily ascertainable market value. They appear to meet all substantial requirements of the rule as to contracts to convey land. We think also that a written agreement to convey, at the option of the vendee, within a given time and for a fixed price, if made upon sufficient consideration, will be specifically enforced in a proper case. *Johnston v. Trippe*, 33 Fed. Rep., 530; *Hawralty v. Warren*, 18 N. J. Eq., 124, 90 Am. Dec., 613; *Smith's Appeal*, 69 Pa. St., 474; Fry, Specific Performance [2d ed.], sec. 291 [3d ed., sec. 445]; Waterman, Specific Performance, sec. 200. But one needs only to read the alleged agreement to see that it is not an option contract, but is a mere offer. The writing does not indicate, nor is it alleged, that the proposed vendee did or gave anything for the option; there are no mutual promises; and the alleged agreement is not contained in or a part of any contract between the parties which might supply a consideration. It is no more than an offer from which the vendors were at liberty to withdraw if they chose. In *Rice v. Gibbs*, 33 Nebr., 460, 40 Nebr., 264, there was a consideration for the option, and it was a contract to hold the sale open for the vendee during the time agreed on.

We recommend that the decree be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.